IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TEREZE L. FENDERSON,** | |
|           **Petitioner,** | |
| v. | Case No. 22-CV-02397-SPM |
| **UNITED STATES OF AMERICA,** | |
|           **Respondent.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Tereze Fenderson is a federal inmate presently housed at Federal Correctional Institution Pekin in Illinois. He filed the instant Petition for Habeas Corpus purportedly pursuant to the All Writs Act, 28 U.S.C. § 1651. (*See* Doc. 1). Fenderson argues that his convictions for attempting to engage in witness tampering and aiding and abetting witness tampering are invalid in light of the precedent established in *United States v. Taylor*, 142 S. Ct. 2015 (2022) striking down the 18 U.S.C. § 924(c) "residual clause." (*See* Doc. 1).

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2018, a grand jury for the Southern District of Illinois returned a five-count second superseding indictment charging Fenderson with: (1) Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) Felon in possession of a firearm and firearm ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2; (3) Attempting to retaliate against a witness, in violation of 18 U.S.C. § 1513(b)(2) and 18 U.S.C. § 2; (4) Discharge of a firearm in connection with a crime of violence,

in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2; and, (5) Discharge of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. *United States v. Fenderson*, 17-cr-30090-MJR (S.D. Ill. 2019), (Doc. 45) [hereinafter *Criminal Case*]. On October 18, 2018, Fenderson pled guilty to Counts 1, 3, and 4. *Criminal Case*, (Doc. 64).

At the time of his plea, Fenderson entered into a plea agreement with the United States which stated that the parties anticipated that Fenderson would have a total offense level of 29 under the Sentencing Guidelines and would fall into Criminal History Category III, resulting in a Guidelines range of 108–135 months. *Criminal Case*, (Doc. 65); *see* U.S. Sent'g Guidelines Manual § 5A (U.S. Sent'g Comm'n 2021) [hereinafter Sentencing Guidelines]. Further, the parties agreed that the Sentencing Guidelines imprisonment range for Count 4 is the minimum term of imprisonment required by the statute, which was an additional 120 months. *See Criminal Case*, (Doc. 65); Sentencing Guidelines § 5A. Fenderson agreed not to seek a sentence below the low end of the Guidelines range ultimately determined by the Court, and the United States agreed to recommend a sentence within that range. *See Criminal Case*, (Doc. 65, p. 8); Sentencing Guidelines § 5A.

A federal probation officer prepared a revised presentence investigation report ("PSR") prior to sentencing. *Criminal Case*, (Doc. 80). However, there were some issues and a second revised PSR was issued wherein Fenderson's total offense level was determined to be 26, which resulted in a guidelines range of 92–115 months, to be followed by 120 months on Count 4. *Criminal Case*, (Doc. 97).

On March 7, 2019, the Court sentenced Fenderson to a total term of 212

months, which consisted of 80 months as to each of Counts 1 and 3 to be served concurrently and 120 months as to Count 4 to be served consecutively to the terms imposed as to Counts 1 and 3. *Criminal Case*, (Doc. 99). There was also the 12-month enhancement as to 18 U.S.C. § 3147, which was to be served consecutively to the terms imposed as to Counts 1, 3, and 4. *Id*. Judgment was entered on March 15, 2019. *Criminal Case*, (Doc. 101). Fenderson did not file a direct appeal.

On September 19, 2019, Fenderson timely filed a Petition to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. *See Fenderson v. United States*, 19-cv-01025-SPM (S.D. Ill. 2021), (Doc. 1). In this Petition, Fenderson collaterally attacked his sentence, claiming one allegation of ineffective assistance of counsel for failure to properly apply the categorical approach in determining whether 18 U.S.C. § 1513(b)(2) is a crime of violence for purposes of 18 U.S.C. § 924(c). *Id.*, (Doc. 1, p. 4). This Court dismissed his Petition for failing to prove his ineffective assistance of counsel claims. *See id.*, (Doc. 13). Fenderson appealed to the Seventh Circuit, which affirmed this Court's decision. *See id.*, (Doc. 28).

Four days later, Fenderson filed a second § 2255 Petition again claiming ineffective assistance of counsel and adding a claim that the 18 U.S.C. § 924(c) "residual clause" was ruled unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Fenderson v. United States*, 22-cv-00091-SPM (S.D. Ill. 2022), (Doc. 1). This Court dismissed the Petition for lack of jurisdiction because Fenderson had not sought authorization from the Seventh Circuit to file a second or successive § 2255 petition. *See id.*, (Doc. 3). The Seventh Circuit denied Fenderson's motion. *See id.*, (Doc. 5).

**DISCUSSION**

Before the Court is a third Petition from Fenderson in which he seeks habeas corpus relief under the All Writs Act, 28 U.S.C. § 1651. (*See* Doc. 1). Fenderson argues in his Petition that Count 4 of his indictment "should be vacated because there is no underlying predicate offense that is a crime of violence" under the precedent set in *United States v. Taylor*, 142 S. Ct. 2015 (2022). (Doc. 1, p.8).

Regardless of the merits of Fenderson's claims, Section 1651(a) "authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Shoop v. Twyford*, 596 U.S. 811, 814 (2022). The Supreme Court has "made clear that a petitioner cannot use [the All Writs Act] to circumvent statutory requirements or otherwise binding procedural rules." *Id.* at 820 (citing *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)).

Fenderson has already filed two § 2255 petitions. *See Fenderson v. United States*, 19-cv-01025-SPM (S.D. Ill. 2021); *Fenderson v. United States*, 22-cv-00091-SPM (S.D. Ill. 2022). The claims he raises are suited for a § 2255 petition; Fenderson is clearly attempting to use § 1651 to circumvent the procedural requirements associated with § 2255 petitions. If Fenderson wishes to file a successive § 2255 petition, he must seek authorization from the Seventh Circuit under § 2255. *See* 28 U.S.C. § 2255(h) (a second or successive motion must first be certified by the Court of Appeals as provided in Section 2244); 28 U.S.C. § 2244(b)(3)(A). Fenderson is already aware of these requirements, as this Court directed him to follow this procedure in his second § 2255 Petition. *See Fenderson v. United States*, 22-cv-00091-SPM (S.D.

Ill. 2022), (Doc. 3). If Fenderson wishes to file a successive § 2255 petition, he must attach the Seventh Circuit's authorization his filing. Until he does so, this court is without jurisdiction to address his claims.

## CONCLUSION

In light of the foregoing and because there is no way to cure Fenderson's defective Motion brought pursuant to 18 U.S.C. § 1651, Fenderson's Motion is **DENIED** and his claims are **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** November 6, 2023

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**